UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| RICHARD STEVEN PALMA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:25-cv-00835-RDP-JHE |
| MORGAN COUNTY JAIL, *et al.*, | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Richard Steven Palma filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), along with an application to proceed *in forma pauperis* (Doc. 2). In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint is before the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991). As explained below, the undersigned recommends the court dismiss this action pursuant to Federal Rule of Civil Procedure Rule 41(b) based on Mr. Palma's failure to comply with a court order.

**I. Analysis**

On May 29, 2025, the undersigned notified Mr. Palma that his application to proceed *in forma pauperis* was deficient because he did not attach a certified copy of his jail account statements for the last six months. (Doc. 4). The undersigned ordered Mr. Palma to file a new application to proceed *in forma pauperis* within 30 days and attach a certified copy of his jail account statements for the last six months. (Doc. 4).

On June 24, 2025, Mr. Palma filed a second application to proceed *in forma pauperis* but did not attach a certified copy of his jail account statements for the last six month. (Doc. 5).

Instead, Mr. Palma alleged that jail officials would not certify his account information. (Doc. 5 at 4).

On July 2, 2025, the undersigned entered an order informing Mr. Palma that his statement was inadequate and ordering him to file a new application to proceed *in forma pauperis* within 14 days along with a certified copy of his jail account statements for the last six months. (Doc. 6 at 1). The undersigned informed Mr. Palma that if jail officials refused to certify his new application, he must attach an affidavit or declaration identifying the person who refused to certify the records, the date of the refusal, and describing the exact response his received. (Doc. 6 at 1). The undersigned warned Mr. Palma that failure to comply with the order may result in the dismissal of this action without further notice. (Doc. 6 at 1).

More than 14 days have elapsed, and Mr. Palma has not complied with or otherwise responded to the order. Accordingly, the undersigned recommends the court dismiss this action based on Mr. Palma's failure to comply with a court order. *See* FED. R. CIV. P. 41(b).

## II. Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** the court **DISMISS** this action **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) based on Mr. Palma's failure to comply with a court order.

## III. Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within **14 days.** The plaintiff must identify every objectionable finding of fact or recommendation and state the specific basis for every objection. The plaintiff also must identify every claim in the complaint that the report and recommendation

has not addressed. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

A plaintiff who fails to object to factual or legal conclusions in the Magistrate Judge's report and recommendation waives the right to challenge on appeal those same conclusions adopted in the District Judge's order. Without a proper objection, however, the court on appeal may review the unobjected-to factual and legal conclusions for plain error if necessary in the interests of justice. 11th Cir. R. 3-1.

After receiving the plaintiff's objections, a District Judge will conduct a *de novo* review of the relevant portions of the report and recommendation and may accept, reject, or modify in whole or in part the Magistrate Judge's findings of fact and recommendations. The District Judge also may refer this action back to the Magistrate Judge with instructions for further proceedings.

The plaintiff may not appeal the Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may appeal only from a final judgment entered by a District Judge.

DONE this 28th day of July, 2025.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE